RENDELL, Circuit Judge,
concurring and dissenting:
I concur in part and dissent in part from Chief Judge Becker’s comprehensive opinion, because I would affirm the District Court’s upward departure decision.
This is a difficult case, factually and legally. It is made perhaps more difficult by several “disconnects” along the way. Principal among these are: first, the government’s willingness to accept guilty pleas to violations of statutes punishing false entry documents and false markings on goods, when the admitted conduct consisted of a well orchestrated scheme to produce, in foreign countries, goods for military use that were, by law and by contract, to be produced in the United States, in violation of several federal statutes; and second, the lack of “fit” of the crime charged and the conduct conceded with the specified sentencing guideline, which applies primarily to crimes involving revenue collection and trade regulation.[15]
I fault these mismatches for the District Court’s need to resort to an upward departure. Unlike the majority, I read the District Court’s upward departure as having been based not so much on the threat to the military that the majority references, *217 but rather, on entirely proper grounds. These are: (1) that the offense was outside the heartland duty evasion case because the falsification and absence of markings was done not merely to evade duties, but to conceal an extensive criminal scheme that violated several other laws; and (2) to account for the uncharged fraudulent conduct (i.e., dismissed counts) clearly conceded by defendant at the guilty plea colloquy, both permissible grounds for upward departure under our holding in United States v. Baird, 109 F.3d 856 (3d Cir.1997).[16]
This sentencing would have proceeded differently had there been a more suitable starting point than a duty evasion guideline. The absence of a more specific guideline as to the type of crime committed — which is, by its nature, not your run-of-the-mill duty evasion or, even, fraud, offense — was, I believe, at the heart of the dilemma facing the sentencing judge. The District Court did the best it could with the hand it was dealt by the Sentencing Commission. The majority concludes that the sentencing judge abused his discretion. I submit that he reached an understandable — and, I believe, appropriate — result.
I agree with the thorough analysis of my colleague with respect to all of the issues, save this one. I would affirm the upward departure determination of the District Court and therefore respectfully dissent from that portion of the opinion.

. The majority characterizes the applicable guideline as a ''smuggling” guideline and it is in the sense that it applies to improper introduction of goods into the country, but it is addressed primarily at duty evasion. The guideline itself notes that importing of contraband or restricted goods is covered by other guideline provisions.

. It is ironic that while a sentencing court could not start with an applicable guideline offense level unless the defendant actually stipulated to the conduct, the sentencing court can clearly arrive at that level in the end'by'departing upward, based upon relevant conduct admitted in connection with the plea but uncharged (or dismissed). In United States v. Baird, we held that result to be quite permissible.